Our last case of this morning, Lincoln Benefit Life Co v AEI Life LL C et al, No. 14-2660, Mr. Gosselin and Mr. Lipsius, thank you. Good morning, Your Honors. Jason Gosselin for the plaintiff in this case and the appellant, Lincoln Benefit Life. If I may, I'd like to reserve five minutes of my time. The question here is, what is sufficient pleading when you're asserting diversity jurisdiction and you have a defendant that is an unincorporated association? In this case, we have a limited liability company. One of the concerns that I had with regard to the argument you made is that there's something out there that the other side is relying on that I think supports you more, and that's Emerald Investors. Why didn't you rely on that in asking for jurisdictional discovery in this case? We asked for jurisdictional discovery and we thought it was appropriate. I don't know that we knew of Emerald Investors at the time that we made our request. But it seems to support your position that if there's a question about jurisdiction, then you can get some discovery in order to help a court determine whether it indeed does have jurisdiction. I think that's correct, and I think there are cases in this circuit. In fact, my opponent also cited the decision, the Chemong Industries case from 1964, which is a Third Circuit decision where the Third Circuit at oral argument became concerned that there was not diversity of citizenship. And the court at that point remanded the case to the district court to take evidence on the citizenship question. The case came back up to the Third Circuit and the court had further questions and remanded it again for further discovery on the question of citizenship. So I think that it's appropriate that if you have a question that the matter ought to be something that becomes the subject of discovery. There was a suggestion that we don't do discovery when we have questions about diversity of citizenship. We only do that when we're talking about questions of personal jurisdiction. I've read the cases. I don't think I see the distinction. It may not be so much of a distinction, except that here it would be easier than to determine whether you have contacts for personal jurisdiction possibly could have just one question, which is are any of your members of the LLC either ALS or AEI, are any of them citizens of Nebraska? Exactly, Your Honor. Our point, we've sort of skipped over the first part of our argument. We actually think that we've met our burden for, or at least our pleading burden under Rule 8 for asserting a short and plain statement. We've alleged why there's diversity of jurisdiction because the two LLCs are citizens of... Well, the LLCs, whether one likes them or not, you have to look to its members. I understand. By implication, the members we've asserted are citizens of New York. Simply for purposes... If you have... Let's just take... This LLC conceivably could have members in all 50 states. It's conceivable. We've alleged that it's a citizen of the state of New York by implication. We're alleging that all of its members are citizens of New York. Simply for purposes... You're saying that if you can't get into the Secretary of State's files because they don't... The Secretary of State's files don't tell you who the LLC members are. I think it's a fair question. That is why we've alleged on information and belief the LLCs are citizens of the state of New York. We've done everything we could possibly do based on public records. We also... The nature of the case, these LLCs actually are single purpose entities that own... It seems to me that the answer you just gave is playing to your opponent's hands by saying... He would say, that's why facially this is wrong. You can't say that they are citizens of New York just because they happen to have a business in New York. You have to look to where the members have citizenship in which states. Now, your argument, come back to that, is I can't find that out absent some discovery. Right. I think it's fair, and to be perfectly candid, I think it's appropriate to state, because I believe we've satisfied the Rule 8 requirement, and I think what they've really done is they've made a factual challenge masquerading as a facial challenge. But the real question here, if the goal is to get it right, I mean, there are times... We happen to think that, and we now know, at least with respect to one of these entities, they really are citizens of New York because all of their members are in New York. There are two cases in our circuit, Underwood, which is the 1958 case, I don't know if you're familiar with it, Underwood v. Maloney, and Local No. 1 v. International Brotherhood of Teamsters, which explicitly say that a plaintiff has to plead the citizenship of every member of an unincorporated association. Are those cases still going on? I was not aware of that. I was not aware of any Supreme Court decision or decision from the Third Circuit that said you must identify the individual members of an unincorporated association. I've seen that at the district court level. Fair enough. And I think we move on to the second portion of this argument, which I think is the more important aspect of it and what we really fought about at the court below. There are times, and this is one of them, where you can't foreclose the possibility, when you do all of your research, that there might be a member of the unincorporated association that you just don't know where they are. So what do you do in that circumstance? The only appropriate thing I submit is to permit, as this Court has done in the Shimon case and perhaps in other cases, you permit limited discovery so that you can find out where and who are the members, number one, and of which states are these citizens. I don't quarrel with you in a sense of fairness, in a sense of equity, in a sense of allowing you to get to first base, but how do you get around these cases that say you have to plead the citizenship? In your complaint, of every member of an association? Well, we can't. To be perfectly candid, there are cases that say we can't. We can't, and the right response, because we believe that all of the members, based on what we're able to determine and what we know about these kinds of entities that own life insurance policies, that if they're doing business in New York, they're New York entities. But we cannot foreclose the possibility that there might be a member that is not in New York. So the truth of the matter is we don't actually know for certain. And in that circumstance, that's when discovery – Is there anything on which we can say that you have plausibly pled that the members of the association are not from Nebraska? Well, we've alleged that the LLC itself is a citizen of New York, and it can only be a citizen of New York if all of its members are also citizens of New York. So by implication, we have pled that. Is that sufficient? I do think it's sufficient under Rule 8. You've mentioned these other cases. Perhaps it's not sufficient under the other cases. I think then we have to recognize there are going to be times, if not this case, there are going to be times when a plaintiff simply doesn't know all of the members. There could be 1,000 members of an unincorporated association, and a plaintiff is not going to know who they all are and will never be able to meet that pleading standard. What this Court has done when there are questions about subject matter jurisdiction is they've allowed discovery. Rule 8 requires that you make a statement in your pleading that contains a short and plain statement of jurisdiction. Right. And I think when we say that your statement is on information and belief, is that sufficient? I think it is. In the Rego case from the Third Circuit, that was the decision that we relied on. But in a lot of these cases, you don't have the information, and you don't even have enough suspicion to make a belief. Let's say, for example, you're suing a law firm, a major law firm, and the law firm is an LLC or LLP. You're telling me that you can say on information and belief, I think that they're a citizen of New York with it. They may be in 10 states, the firm itself, the facilities, and they may have members in 50 states. Your Honor, I agree. In most cases, that's the situation we're going to have. I'm simply saying that in our case, I know Mr. Lipschitz very well. We've had many other cases before where these New York limited purpose vehicles own life insurance policies. They're all sold by similar brokers. So we know a little bit more about it in this case. But the problem that this case addresses, I think, comes up more often in these situations that you're talking about. There are going to be many times where you can't even plausibly assert that this LLC or this limited partnership is a citizen of a specific state because there could be thousands of members, and you don't know where they all are. If the rule that gets applied generally is the rule that was applied in the trial court, then it's very difficult for a plaintiff, when there actually is jurisdiction, to get his case into court, even though there really is jurisdiction. So the appropriate way to deal with that is to do what some of these other courts have done. And if I could just touch upon, I know I'm coming to the end of my time, the Carolina casualty case. That court said, look, there's not even really an issue. If they answer the complaint and concede that they're citizens of the state that they've been alleged to be a citizen of, jurisdiction will be established. We can revisit the issue after they answer the complaint. That's the Seventh Circuit case? That was the Ninth Circuit case from 2014. That's one way of doing it. Other circuits have allowed in the same circumstances? That was identical to these circumstances. The reason that's not a complete solution is because if you have a 12B1 motion coupled with a 12B6 motion, what will it do with the 12B6 portion of the motion? That's why I think the right way to do this is to allow that very, very limited discovery, and it would not involve much from the court at all. What happens to your case if you are not able to show that we have jurisdiction? What happens to your case? You go to state court. Is that right? If we can't show that there's jurisdiction, we would end up in state court. We would probably end up in state court in New York. If I can get to the third way that courts have dealt with this, and I know this because there's a history that occurred after we filed our breach in this case. When our case was dismissed from the district court, one of these LLCs sued Lincoln Benefit up in state court in New York. So, of course, we were concerned. We are now in a forum of the defendant's choosing rather than a forum of our choosing, which is what we were trying to avoid. But we then looked at the removal rules in the Eastern District of New York, and they actually have, I think, a very effective way of dealing with this. Administratively, that involves a little bit of discovery, and I think that this kind of concept is the appropriate way to do it because it makes sure that litigants who belong in federal court can be in federal court. In the case of an original plaintiff making a filing, it allows under the local rules, it says a party shall furnish to any other party within seven days after demand a verified statement setting forth if the responding party is a natural person, that party's residence and domicile, and any other state or jurisdiction of which that party is a citizen for purposes of 28 U.S.C. Section 1332. There is a similar provision under the same rule for unincorporated associations, and there's a similar provision when you're removing a case. If you think you have jurisdiction, but you can't state that you do to a moral certainty, but you have a good faith belief that you have diversity of citizenship jurisdiction, you can ask a question. It's one question. Actually, it's really sort of one question with two parts, but it's who are your members, where are they citizens. Once you get that information, all of these things. As I suggested, it can be even simpler than that in this case. Right. Are any of your members citizens of Nebraska? Absolutely. Why don't we hear from Mr. Lipsius and we'll get you back in rebuttal. May it please the Court, my name is Ira Lipsius. I represent one of the defendant's innovative brokers in this matter. My question I ask of your opposing counsel, doesn't Emerald Investors entitle Lincoln Benefit at least to jurisdictional discovery? And the answer is I believe they do not get to first base, and I think the best example that this Court can understand. Okay, you better tell me what you mean by that. Sure. You don't believe they get to first base? What does that mean? They have a pleading that they cannot, their pleading basically says, we don't know if there is diversity. Now, I would sue your Honor, Judge Ambrose, and I have no idea if you're a resident of Delaware, New York, Pennsylvania, New Jersey, whatever, and I would bring a complaint just purely in federal court and say, I'm a resident of New York, I am suing in diversity at your Honor, and I have no idea where you're a resident of. The Court would have to knock that out. But that's easy, it's easy to find out where I'm a resident. You cannot find out where all the members of an LLC are by checking records of the Secretary of State, and that's where the district court was just completely wrong. You cannot do that. And so that's just a factual mistake. So what I'm concerned about is what you're suggesting here with regard to this case has a consequence of shielding unincorporated associations from ever being sued in federal court. And I don't think I want to go down that slippery slope. Well, the answer is, and I believe if I cannot find it, it may not be that easy for me to find where Judge Ambrose is a resident. I've plenty of times had to bring diversity suits against individuals, and I could not determine, and I could not, in good faith, make a pleading alleging. Now, I'll give you exactly the example of what the Court is asking here of a simple question. But in that case, just to follow your example, Ambrose the defendant, you have some limited discovery of Ambrose, and basically, hey, Ambrose, are you a citizen of New York State? If the answer is no, then you have diversity. Okay. As a court of limited jurisdiction, as the federal courts are, I believe the structure in every court has said that you must have a reasonable belief, a reasonable belief as to whether or not I cannot sue. Even though that may be a question, Your Honor, I cannot sue Your Honor in Pennsylvania. But courts have the jurisdiction to determine their jurisdiction, right? Pardon me? Courts have jurisdiction to determine their jurisdiction. I believe as long as there is a... That's a basic... As long as there is a pleading that at least alleges it. But I believe that you cannot allege this jurisdiction. I have no idea where you are a resident of. I don't believe I can bring an action. In good faith, it would be dismissed. And, in fact, if we look in the pleading here, and I have it in front of me in the paragraph, they don't even allege when it comes to ALS where they are a potential resident of. You're comparing the case of one individual as opposed to a limited liability incorporation or association? That could have 50, 200, 300 individuals. Exactly. That's the way you compare it, sort of like apples and oranges. Well, I believe that these concepts are the same. And I'll give an example, which I was about to give. An action was commenced against a client of mine, an LLC, in the Southern District of New York. And they did exactly what we had here. I made a similar motion. And the judge said, okay, let's have the discovery. It turned out that this defendant had 300 members. And it turned out that of those members, 60 were LLCs. So that simple question turned into literally a nightmare of discovery. It went to the Second Circuit. And the Second Circuit actually dismissed it on motion and sent it back to the judge saying, please explain. But actually, that's what happens. If you set a concept here in law that a plaintiff does not need to know if he has diversity. And they're not saying they need this information to believe there is diversity. They're saying they have no idea. And conceptually, it will turn this into a nightmare that anybody can come to the federal courts having no idea where there's jurisdiction. And it's a case of limited jurisdiction. And it's never been allowed on an individual, so why should it be allowed? But it's just one question. Is anyone a resident of Nebraska? What's wrong with that? It's very limited. It's not complex. It wouldn't take very long. Well, when there are, if there are no, well, first of all, I believe they don't get to first base, meaning that the pleading is deficient. And therefore, if it's a deficient pleading, it must be dismissed. But at the outset, it is, in their position, it is humanly impossible, I guess unless they have some sort of organization that can go out and do all this investigation for them one by one by somehow hacking into the computers of AEI and ALS. That's not realistic. Judge Fuentes' question really is, it is so simple, so efficient, that why not do it? Because it allows us to go forward to see if we have the jurisdiction to do our job or a district court to do its job. And I believe as the gatekeeper of the district court, should not permit people to just bring a case in federal court where they have no idea whether there's jurisdiction. As the gatekeeper for the district court, should we not consider that plaintiffs have a right to come into court and that LLCs should not be able to avoid jurisdiction by the fact that their members aren't known? Maybe we need to consider whether LLCs ought to file the names of their members and their residences. Which would you prefer? Right, exactly. But we have a long history of jurisprudence which has not permitted the federal court, as a court of limited jurisdiction, to accept a lawsuit unless someone has a reasonable belief. There is no reasonable belief. I don't think you're answering her question. Okay. Well, I believe if I understand the question is, is there a method that the court should use to permit plaintiffs to sue LLCs, either by requiring them to list their members or partnership? The partnership you sue, as the law firm example, would have to list every partnership as soon as they're sued. But I don't believe, and the answer is maybe we have to change the system. Maybe Congress has to change the law. Isn't it easier just to permit the limited discovery when a suit is filed? We have done our due diligence. We are unable to discover the citizenship, and then to request the court to do the limited discovery to ask of the defendant, is any member of the LLC a citizen of the state of Nebraska or whatever state is relevant? Well, I believe that does change the jurisprudence of since the beginning of diversity. Well, maybe we need to change it. Maybe it needs to be changed. You know, if you have personal jurisdiction issues, and you have a lot of discovery you're going to need to find out if there are sufficient contacts with a particular state in order to exercise personal jurisdiction over that entity or whatever it might be, here it is almost exponentially simpler than that. And you're telling us that as a matter of common sense, as a matter of judicial efficiency, we shouldn't allow people to have that kind of discovery? Well, the question on the personal jurisdiction is interesting because of the two areas in this case and the other decisions. I'm saying if personal jurisdiction discovery can be complicated, and this is quite simple, why in the world would you want to oppose having that type of information given to one side and to a court in order for it to determine whether it has jurisdiction? And the reason would be that there has to be a reasonable belief that the court has jurisdiction. Lincoln here has no reasonable belief, so why should a member of a company court? Well, no, wait a minute. No, they may think, you know, there's a darn good chance that no member of these two LLCs are from the basket. I think so. I suspect that's the case, but I need to find out. Well, that's what they raised in the Carolina case, and the Carolina case said... Time out, I'm just... I'm just trying, we're trying to, you know, you've got to have some common sense here. I understand, yeah. What else can they do in order to determine? They suspect that nobody's a citizen of Nebraska, but they don't know, and so we're trying to help them in order to know. Okay. And my answer is, and the same thing, if I don't know if I have personal jurisdiction, I have no belief that this company does any business. Why should I give up my U.S. citizenship? Because you can't go to the Secretary of State and get that information. You're saying you can play hidden ball, and in your world, back to my point, you're never going to be able to sue an unincorporated association in federal court. I don't think that's going to make a whole lot of civil procedure people happy. I mean, that would make us a laughingstock in the civil procedure world. I understand that, but the courts have been... The same way, if I want to sue an individual, if I can't find out whether they're a resident of, I have no right to come into this courthouse. I should be down the block. The Supreme Court has changed pleading requirements a few years ago, and it has said that all a litigant has to do is plausibly plead the right to a claim in order to go to step number two, which is discovery. Why doesn't that standard apply in this case also? Well, they said they can't plausibly. It's a Caroline casualty case. They said on information and belief, but that's on the base also as a result of a, what appears to be a quite exhaustive search, secretaries of state of several states, and only after that can they say, plausibly, we have no defendant is a resident of Nebraska. But they haven't said that. They said specifically we're offered to amend... By the way, that doesn't necessarily get them to first base. They still have to absolutely make certain that none of the defendants are from the state of Nebraska, but it will take that one question. And the answer is that they cannot get to first base, unfortunately, and you're right. That's what the idea of a court of limited jurisdiction is. I agree with you, Your Honor, Judge Wendt. They cannot get to first base because they don't know.  They could have amended the pleading, as the court in Carolina Casualty specifically said. Amend the pleading. They remanded, said they can amend the pleading to say upon information and belief, if they have an information and belief. But if they don't have an information and belief, that would be a violation of the rule of government rules. Other circuits have, in fact, allowed for limited discovery on this very issue, haven't they? Actually, none have allowed it where there is no belief whatsoever. But the Seventh Circuit also stated specifically because there was a belief that they were able to identify members. Don't you have to turn that around? It isn't a question of no belief whatsoever. It's that they don't have anything that they know of that indicates that any member is a citizen of Nebraska. Well, I think it's they have no idea where the members are. They don't know if there's one member or 200 members. Right, and how can you? It's not available. So you just can't sue an LLC? Is that your position? If you were able to find out where the members are, you can sue an LLC. How do you find out? Well, with business transactions, there are ways of finding out. I'm not saying that they have a way of finding out in this case, and it's an imperfect world. Well, this is not a business transaction. This is a dispute. I agree. But they did business with these people during the time of the business transactions they could have found out. So before I do business with an LLC, I want to say up front, I need to know the names of all your members and their residences in case I need to sue you sometime. It wouldn't be in the state court. There's not a tragedy of going to state court. It wouldn't be a state court down the block here. It would be a state court in Nebraska. No, this could be a state court. Or New York, possibly.  You said down the block, but it wouldn't be down the block. It would be in either New Jersey or, because there's also motions that are not heard by this court, a motion to dismiss because of lack of jurisdiction by one of the defendants, not my client, but it would probably be in New York. That's correct. It's not down the block here, but it would be in New York or possibly New Jersey. And I believe that's what the courts have done throughout on the similar level since the time of diversity, that you have to be able to have some knowledge. You can't just take a guess. Does it make any difference to you that the district judge here was wrong in connection with the fact that you cannot search the members of an LLC in a secretary of state's office? I don't think that really makes a difference here. We can see that it is very hard. I've been in a situation myself where I've had to bring lawsuits in state court because I could not, in good faith, claim diversity if I didn't know it. That's a problem I do all the time. I do a lot of litigation. That's what I've been doing for over 30 years. And one of the first things I do is put an associate on there to find it. And sometimes I can and sometimes I can't. But I believe that's what the courts have done here, unless we're changing jurisprudence of the whole rule that there's a discovery process allowed, but I have no idea who the other party's resident is. Actually, all we're following is the lead by analogy of Emerald Investors, which is our own circuit's case from 2007. All right. And the last issue is I do want to make the point that there are cases that, as I said in the Southern District where I'm involved in, you can have 300 and if one looks at the jurisprudence, there's seven different factors that the courts go into to determine what the residents of these people are. So, therefore, everyone can be a mini-trial on all 300 members of the LLC possibly. What you're looking at to some extent there is personal jurisdiction, are you not? No, no, no, diversity. Because with the person who votes in this court in a recent decision, a few months ago look where the person voted, the person where they asked for a resign, everyone is unfortunately is an issue of what a person's residence is. Thank you. Thank you. Mr. Gosselin. Very briefly, Your Honor. On this question of this being a business transaction and you can simply account for this when you're entering it in a transaction, what happens here reveals that that doesn't really work. We're an insurance company. We issued a policy that was owned by a New Jersey trust. That policy was then transferred to these LLCs, and now there's a dispute and we don't sue the old trustee, we sue the current owner of the policy. We didn't choose to do business with ALS or AEI. They just sort of ended up there. And I think what the questioning that has come out of this shows is that the courthouse doors really will be closed if you're a plaintiff who happens to be in a dispute with an LLC or a limited partnership. You simply won't be able to bring your case in federal court, even though there might be jurisdiction. That would be a bad rule. It would also encourage people to take advantage of that if they want to. We have federal courts for a reason. The plaintiff's choice of forum is usually given preference, and it would be taking that away from plaintiffs and allowing defendants to organize themselves in a way to keep plaintiffs out of federal court. The goal here should be to get it right, and as I think the questioning and the answers from both me and Mr. Lipsius reveal, is that it really would be very simple to make sure we get it right in circumstances like this. So the standard ought to be if we have to allege more, if we have to identify the members, we ought to allow that bare minimum of discovery to make sure that the court properly has jurisdiction over the subject matter. Thank you very much. Thank you, both counsel. We'll take the matter under advisement.